UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Troy Kelvin Williams, #12758-171, | ) C/A No. 3:10-42-MBS-JRM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| | ) for |
| Darlington County Detention Center; | ) *Partial* Summary Dismissal |
| Lt. Carter; | ) |
| Sgt. Lacount; | ) |
| Medical Staff, | ) |
| Defendants. | ) |

## *Background of this Case*

The plaintiff was given the wrong medication (an antidepressant instead of high blood pressure medication) while he was confined in the maximum security unit of the Darlington County Detention Center in May of 2007. The plaintiff is now confined at FCI-Edgefield pursuant to his conviction for distribution of crack cocaine in Criminal No. 4:05-668-1. The plaintiff has brought suit against the Darlington County Detention Center, two officers, and the Medical Staff. In a separately-filed order, the undersigned is authorizing service of process upon the two officers. *See Belcher v. Oliver*, 898 F.2d 32, 34 (4th Cir. 1990) ("The Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious medical needs of the detainee.").

1

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), which is cited in *Silva v. Spencer*, No. 08-cv-1686-H

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

(LSP), 2009 U.S. Dist. LEXIS 61467, 2009 WL 2160632 (S.D. Cal., July 17, 2009). Even under this less stringent standard, the § 1983 complaint is subject to *partial* summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Darlington County Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Darlington County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). *Cf. Wright v. El Paso County Jail*, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

The "Medical Staff" should be dismissed because it is not an identifiable defendant. *Johnson v. Nelson*, 2008 U.S. Dist. LEXIS 39830, 2008 WL 2123756 (M.D. Ga., May 16, 2008) ("Plaintiff has named the Autry State Prison Medical Staff Provider as a defendant. However, there is no way for the Court to know to whom plaintiff is referring when he names this defendant; and there is no way to serve such unnamed individual or individuals with notice of this action. Therefore, the Undersigned RECOMMENDS that the Autry State Medical Staff Provider be dismissed from this action.").

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the Darlington County Detention Center and the "Medical Staff" *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

April 15, 2010  
Columbia, South Carolina

Joseph R. McCrorey  
United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **901 Richland Street**
> **Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).