IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Troy Kelvin Williams, #12758-171, ) | |
| ) | C.A. No. 3:10-42-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Darlington County Detention Center; ) | |
| Lt Carter; Sgt Lacount; and ) | |
| Medical Staff, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Troy Kevin Williams, proceeding *pro se*, filed the within action pursuant to 42 U.S.C. § 1983 on January 11, 2010 against the Darlington County Detention Center ("DCDC"), Lieutenant Carter ("Carter"), Sergeant Lacount ("Lacount"), and the "Medical Staff" seeking damages for medical bills, and pain and suffering related to medical treatment he received while at DCDC. Plaintiff is now housed at Edgefield Correctional Institution. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge Joseph R. McCorery for pretrial handling. On January 22, 2010, Plaintiff was granted leave to proceed *in forma pauperis*. On April 16, 2010, the Magistrate Judge authorized service of process as to defendants Carter and Lacount. That same day, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's complaint be dismissed as to DCDC and the "Medical Staff" without prejudice and without issuance of service of process. On April 27, 2010, Plaintiff filed objections to the Report and Recommendation. Plaintiff also filed motions to Amend/Correct his Complaint, to conduct discovery, and for an extension of time to conduct discovery on April 27, 2010.

## BACKGROUND

In his complaint, Plaintiff alleges that in May 2007, while he was confined in the maximum security unit of DCDC, he was given an antidepressant instead of high blood pressure medication. Plaintiff contends that he suffered an allergic reaction to the antidepressant causing his heart problems and sever jaw cramping. Plaintiff states that he was taken to Hartsville Hospital in an ambulance. At the hospital, Plaintiff states that a nurse practitioner confirmed that he was having an allergic reaction to antidepressants and stated that they could do nothing for him. Plaintiff alleges that he was brought back to DCDC where a nurse and an officer determined that he had been given the wrong medication. Plaintiff states that he had another allergic reaction that night, but was told that he just had to "wait it out." Compl. at 3. Plaintiff contends that his condition has worsened since this incident and that he continues to have heart problems and severe jaw cramping.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff does not object to the dismissal of DCDC in his objections. Nevertheless, the court

has conducted a *de novo* review of the complaint and concludes that the Magistrate Judge's recommendation of dismissal as to DCDC is proper under the applicable law. DCDC is not amenable to suit under § 1983. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999), *vacated in part on other grounds*, 203 F.3d 821 (4th Cir. 2000); *Clark v. Maryland Dep't of Pub. Safety & Corr. Servs.*, No. 08-7918, 2009 WL 646247, *2 (4th Cir. March 13, 2009).

Plaintiff objects to the dismissal of the "Medical Staff" indicating that he did not have information in his possession such that he could identify a specific person on the DCDC medical staff at the time of the filing of the complaint. The court concurs with the Magistrate Judge that the "Medical Staff" is not an identifiable defendant. *See Lamb v. Lieber Corr. Inst.*, C/A No. 8:10-0176-CMC-BHH, 2010 WL 960136 (D.S.C. Feb. 5, 2010) (report and recommendation of Magistrate Judge finding that the medical staff of a prison is not an identifiable defendant); (citing *Johnson v. Nelson*, No 1:06-CV-145(WLS), 2008 WL 2123756 (M.D. Ga., May 16, 2008) (Plaintiff has named the Autry State Prison Medical Staff Provider as a defendant. However, there is no way for the Court to know to whom plaintiff is referring when he names this defendant; and there is no way to serve such unnamed individual or individuals with notice of this action. Therefore, the Undersigned RECOMMENDS that the Autry State Medical Staff Provider be dismissed from this action."); *adopted by Lamb v. Lieber Corr. Inst.*, C/A/ No. 8:10-176-CMC-BHH, 2010 WL 960139 (D.S.C. March 12, 2010).

Based upon the foregoing, the court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The complaint is dismissed *without prejudice* and without issuance of service of process as to Defendants Darlington County Department of Corrections and Medical Staff. This case is recommitted to the Magistrate Judge for further pretrial

handling including a ruling on Plaintiff's pending motions.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

May 10, 2010
Columbia, South Carolina