IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| TROY KELVIN WILLIAMS, #12758-171, ) | Civil Action No. 3:10-42-MBS-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| LT. CARTER, AND ) | |
| SGT. LACOUNT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Plaintiff filed this action on January 11, 2010.[1] At the time of the alleged actions, he was a pretrial detainee at the Darlington County Detention Center ("DCDC"). He is currently incarcerated at the Federal Correctional Institution in Butner, North Carolina. Defendants, former DCDC employees Lt. Carter and Sgt. LeCount,[2] filed a motion for summary judgment on December 29, 2010. Because Plaintiff is proceeding pro se, he was advised on January 6, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed responses on February 7 and March 28, 2011.

## **STANDARD FOR SUMMARY JUDGMENT**

    The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972)

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(d) and (e) DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the court.

[2] Apparently the correct spelling of this Defendant's name is "LeCount," not "LaCount." See LeCount Aff. (Doc. 47-2).

and Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991).  The moving party "bears the initial burden of pointing to the absence of a genuine issue of material fact."  Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).  If the moving party carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact."  Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

## DISCUSSION

Plaintiff alleges that an unnamed correctional officer at DCDC gave him the wrong medication, after which he suffered an allergic reaction.  He claims that Defendant LeCount told him not to tell anyone that he had been given the wrong medication.  Plaintiff appears to allege a claim, pursuant to 42 U.S.C. § 1983, for deliberate indifference to medical needs.  He requests monetary damages. Defendants contend that they are entitled to summary judgment because: (1) Plaintiff fails

to state a claim for gross negligence or conspiracy under South Carolina law;[3] (2) Plaintiff fails to adequately allege a cause of action against Defendants and they cannot be held liable under a theory of vicarious liability;[4] (3) Defendants should be dismissed because there has been no service of process; (4) Defendants are entitled to Eleventh Amendment immunity;[5] (5) Defendants are entitled to qualified immunity because Plaintiff fails to show that either Defendant was deliberately

---

[3]To the extent that Plaintiff is attempting to assert a claim for civil conspiracy under § 1983, his claim fails as he has presented nothing other than his own speculation that there was a conspiracy. To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Id. To survive a summary judgment motion, a plaintiff's evidence must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." Id. A plaintiff's allegation must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. Id. at 422. The plaintiff must show that the defendants possessed an intent to commit an unlawful objective. Id.

[4]Plaintiff has made no allegations against Defendant Carter in his complaint. The doctrine of respondeat superior generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Fisher v. Washington Metro Area Transit Authority, 690 F.2d 1133, 1142-43 (4th Cir. 1982).

[5]Defendants contend that because they are former employees of Darlington County they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. See Will v. Michigan Department of State Police, 491 U.S. 58 (1989). A determination that the state treasury will be liable for judgment is largely, if not wholly, dispositive of entitlement to Eleventh Amendment immunity. See Gray v. Laws, 51 F.3d 426 (4th Cir. 1995). There is insufficient information provided by Defendants to determine at this point whether these defendants, who appear to have been employed by the county and not the state, are entitled to Eleventh Amendment immunity.

indifferent to his medical needs; and (6) Plaintiff's claims are barred by the applicable statute of limitations.

    1.    <u>Medical Claims</u>

Plaintiff alleges that on the Friday morning of Memorial Day weekend in May 2007, an unnamed correctional officer at DCDC gave him an anti-depressant medication rather than his prescribed blood pressure medication. He claims that he suffered an allergic reaction which included "flushing" of his heart, irregular and then rapid heart beats, and cramping of his jaw muscles. Plaintiff states that Sgt. Mack said he could not leave the facility unless a United States Marshal took him, Mack called the Marshals and they said that DCDC employees could take Plaintiff to "McLeod," and DCDC personnel instead took him to Hartsville Hospital by ambulance. He asserts that a nurse practitioner confirmed that he had anti-depressants in his system, he was having an allergic reaction, and there was nothing that could be done to help him. Plaintiff was returned to DCDC even though he still had severe jaw cramps. The DCDC nurse and Officer LeCount allegedly concluded that the officer distributing medications gave Plaintiff the wrong medication. Sgt. LeCount asked Plaintiff not to tell anyone about the incident. Plaintiff allegedly had another severe reaction later that night and Sgt. Graham told Plaintiff that he would have to "wait it out," an ambulance came again, and personnel with the ambulance told him the "same." Plaintiff claims he has continued to experience constant heart problems and jaw cramping, which he alleges was caused by his having been given the wrong medication. Complaint at 3-4. Defendants contend that Plaintiff fails to establish that they were deliberately indifferent to his medical needs.

In the case of Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court reviewed the Eighth Amendment prohibition of punishments which "involve the unnecessary and wanton infliction of pain," Id., quoting Gregg v. Georgia, 428 U.S. 153, 169-73 (1976).[6] The court stated:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.
>
> * * * * * * *
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," Gregg v. Georgia, supra, at 182-83, 96 S.Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

Estelle, 429 U.S. at 103-105. (Footnotes omitted).

Despite finding that "deliberate indifference to serious medical needs" was unconstitutional, the court was careful to note however, that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to allege an Eighth Amendment violation.

> Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions

---

[6] Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). See Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988)(citing Estelle v. Gamble, 429 U.S. 97 (1976)).

5

> sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 107.

The Court of Appeals for the Fourth Circuit has also considered this issue in the case of Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). In that case, the court noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness (citations omitted). . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." Id. at 851.

The Supreme Court defined "deliberate indifference" in the Eighth Amendment context in Farmer v. Brennan, 511 U.S. 825 (1994). The court held:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concern when it imposes tort liability on a purely objective basis. [Citations omitted]. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38.

Unless medical needs were serious or life threatening, and the defendants were deliberately and intentionally indifferent to those needs of which he was aware at the time, a plaintiff may not prevail. Estelle, supra; Farmer v. Brennan, supra; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

Plaintiff fails to show that Defendants were deliberately indifferent to his serious medical needs by allegedly giving him the wrong medication. First, Plaintiff has not alleged that either of the named Defendants gave him the wrong medication. Further, the negligent administration of the wrong medicine does not rise to the level of an Eighth Amendment violation or constitute deliberate indifference. See, e.g., Brown v. Briscoe, 998 F.2d 201, 204 (4th Cir.1993) (upholding sua sponte dismissal of § 1983 claim where nurse administered a tuberculosis inoculation after inmate informed her he had already received one); Campbell v. Powers, No. 4:07-3972-HFF-TER, 2009 WL 2614936 (D.S.C. Aug. 25, 2009)(incident where correctional officer negligently gave wrong medication to detainee causing him to experience episode of hypoglycemia did not constitute deliberate indifference).

Plaintiff also fails to show that Defendants were deliberately indifferent to his medical needs after the wrong medication was allegedly given to him. He admits that he was taken to hospital where he was examined. Medical records submitted by Plaintiff indicate that he was treated at Carolina Pines Regional Medical Center with medications (anti-inflammatory and anti-histamine medications) and released. Blood tests were negative for myocardial injury (heart attack) and were positive for the presence of a tricyclic. The etiology of Plaintiff's pain was noted to be unknown. A CT of Plaintiff's brain was normal. It was questioned whether Plaintiff had temporomandibular joint syndrome. Plaintiff was directed to follow up with the detention center provider and take his anti-inflammatory medication (Naproxen) as directed. See Attachments to Plaintiff's March 28, 2011 filing (Doc. 52). Plaintiff admits that when he complained about further reactions later that night, an ambulance was called, he was examined, and it was determined that he did not need further treatment. Defendant LeCount states that DCDC health services staff provided Plaintiff with medical

care and he did not involve himself in Plaintiff's medical care. LeCount Aff., Para. 6. Plaintiff has made no allegations against Defendant Carter. Although Plaintiff alleges that Defendant LeCount told him not to tell anyone about the incident, there is no indication that this affected Plaintiff's medical care or caused him any injury.

2.   Service of Process

Defendants contend that they should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) because there has been no service of process. Ginger Winburn, a Darlington County Human Resources employee, states that Defendants no longer work for Darlington County and did not work at the DCDC when this action was filed. Winburn Aff.

When a defendant challenges the manner or sufficiency of service of process, "[t]he plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003)(citing Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F.Supp. 519, 526 (M.D.N.C. 1996)). Here, Plaintiff has not shown that Defendants were sufficiently served. The only return of service that has been docketed in this action indicates that service was attempted on Lt. Carter, but Carter was no longer employed by DCDC. See Doc. 17.[7]

---

[7]Plaintiff was previously informed that he was responsible for providing information sufficient to identify Defendants on the Forms USM-285, the United States Marshal cannot serve a defendant that is not properly identified, and a defendant that is not served may be dismissed as a party to the case. See Doc. 7.

8

3.  Qualified Immunity

Defendants contend that they are entitled to qualified immunity. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

The Court of Appeals for the Fourth Circuit has stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff fails to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

4.  State Law Claims

Defendants contend that Plaintiff fails to state claims for gross negligence or conspiracy under South Carolina law. They also argue that Plaintiff's state law claims are barred by the applicable statue of limitations. As Plaintiff fails to show that Defendants violated his rights

9

under § 1983 (as discussed above), it is recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any state law claims be dismissed.

## CONCLUSION

Based on review of the record, it is recommended that Defendants' motion for summary judgment (Doc. 47) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

June 28, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).